## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES E. ROLLINS, JR.,**

     **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

     **Respondent.**             **Case No. 08-cv-665-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.  Introduction

Now before the Court is petitioner James E. Rollins, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence, pursuant to **28 U.S.C. § 2255**, and his supporting declaration & memorandum (Doc. 1 & Attachment 1). Respondent United States of America ("Respondent" or the "Government") has filed an opposing Response (Doc. 12), to which Petitioner has replied (Doc. 15).

After pleading not guilty (Doc. 100), Petitioner was convicted by a jury on February 13, 2007, as to Counts 1 and 5 of the Indictment (Docs. 1, 414, 418). Count 1 was a charge of conspiracy to manufacture, distribute and possess with intent to distribute diverse amounts of cocaine and fifty grams or more of "crack"

cocaine (Doc. 1). In a special verdict, the jury found Petitioner conspired to manufacture, distribute and possess with intent to distribute more than 500 grams but less than 5 kilograms of cocaine (Doc. 415) and less than 5 grams of "crack" cocaine (Doc. 416). Count 5 charged Petitioner with distributing 500 grams or more of a mixture or substance containing cocaine. A special jury verdict found Petitioner distributed more than 500 grams of a mixture or substance containing cocaine (Doc. 418). Petitioner was subsequently sentenced by the undersigned on September 21, 2007, receiving a sentence of 121 months' imprisonment on each of Counts 1 and 5, to run concurrently, with a term of eight years of supervised release afterwards (Docs. 594 & 598).

Petitioner is currently serving that sentence, but wishes to vacate or set it aside based on twenty separate grounds addressed in his § 2255 petition. The first nine are based on Petitioner's various claims of ineffectiveness of counsel. The tenth alleges a claim for denial of due process based on testimony given by an agent from the Drug Enforcement Administration ("DEA"). Eleven through fifteen are based on various claims of prosecutorial misconduct. The final five grounds are based on Petitioner's various claims of court error. Because the Court finds some the issues raised in Petitioner's twenty grounds to be closely related, it will discuss these similar grounds together where appropriate.

## II. <u>Discussion</u>

**A.     28 U.S.C. § 2255**

Petitioner seeks relief under **28 U.S.C. § 2255**, which provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**Section 2255** provides an extraordinary remedy reserved to correct a narrow subset of judicial error.  Generally speaking, a **§ 2255** proceeding may not provide backdoor access for making the kind of garden variety arguments which could have—but were not—made on direct appeal. ***See Arias v. United States*, 484 F.2d 577, 579 (7th Cir. 1973) (error which would require reversal on direct appeal is not reviewable on § 2255 motion unless the error is constitutional or jurisdictional in character); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) ("nonconstitutional issues that could have been but were not raised on direct appeal" are not reviewable on § 2255 motion")**.  Therefore, if an issue raised in a § 2255 Petition was not also previously raised on direct appeal, it will be barred from the district court's collateral review unless the petitioner can show either: (1) "good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims;" or (2) show that "a refusal to consider the issue would lead to a fundamental miscarriage of justice."  ***Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (emphasis in original)(quoting**

*Reed v. Farley*, **512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994))**.

However, certain constitutional claims are allowed whether or not they were made on direct appeal:

> Although nonconstitutional issues cannot serve as an independent basis for section 2255 relief, the fact that the nonconstitutional issues were not raised on direct appeal can be used as evidence of ineffective assistance of counsel.  Ineffective assistance of counsel, because it is a constitutional issue, can in turn serve as a valid basis for section 2255 relief.

*Belford,* **975 F.2d at 313, n.1**.  Lastly, an evidentiary hearing on a § 2255 Petition is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  **28 U.S.C. § 2255 (2006)**.  The Seventh Circuit additionally requires a detailed affidavit to substantiate the § 2255 Petition, so that Petitioner may not merely rest of "mere unsupported assertions." *Barry v. United States*, **528 F.2d 1094, 1101 n. 31 & 32 (7th Cir. 1976)** *cert. denied*, **429 U.S. 826, 97 S. Ct. 81 (1976)**.  Thus, an evidentiary hearing is not mandatory but, rather, at the discretion of the district court.  *Prewitt v. United States*, **83 F.3d 812, 820 (7th Cir. 1996)(citing** *United States v. Taglia*, **922 F.2d 413, 319 (7th Cir. 1991))**.

B.    **Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel is more specifically stated as the right to *effective* counsel.  *Strickland v. Washington*, **466 U.S. 668, 686, 104 S. Ct. 2052 (1984)**.    Therefore, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." ***Id.*** Basically, the alleged error(s) must be so severe "that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment." ***United States v. Holman***, **314 F.3d 837, 839 (7th Cir. 2002)(citing *Strickland*, 466 U.S. at 689)**.

Under ***Strickland***, a party alleging ineffective assistance of counsel must prove (1) that the trial counsel's "representation fell below 'an objective standard of reasonableness,' " and (2) "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " ***Bell v. Cone***, **535 U.S. 685, 694, 122 S. Ct. 1843 (2002)(quoting *Strickland*, 466 U.S. at 688, 694); *see also Davis v. Lambert*, 388 F.3d 1052, 1059 (2004)(citing *Strickland*, 466 U.S. at 688, 694)**. The Court must keep in mind, however, that its after-the-fact review of counsel's performance is " 'highly deferential,' " and thus, counsel's conduct is afforded a " 'wide range of reasonable professional assistance.' " ***Bell,*** **535 U.S. at 702 (quoting *Strickland*, 466 U.S. at 689)**. In other words, Petitioner must present evidence that, under the circumstances, conduct of counsel could not reasonably be considered "sound trial strategy." ***Id. See also United States v. Traeger***, **289 F.3d 461, 472 (7th Cir. 2002)(citing *Strickland*, 466 U.S. at 689-90)**.

Ground 1: Failure to Call Petitioner as a Witness

      Petitioner alleges nine separate grounds of ineffective assistance of counsel in support of his request for habeas relief.  The first of these is Petitioner's assertion that his trial counsel denied him the right to testify during his criminal trial (Doc. 1, Attachment 1, pp. 4-8).  Petitioner states that during trial, he told counsel he wanted to testify but his counsel never called him to the witness stand.  He believes his testimony would have provided evidence supporting his theory of the case and would have countered the Government's evidence.  Petitioner further believes his testimony was necessary because his trial counsel did not introduce other evidence countering the Government's theory of liability.  Lastly, Petitioner offers that his testimony would have also provided exculpatory evidence potentially resulting in his acquittal.

      In response, the Government argues that Petitioner, even if he proves to the Court that he was, in fact, denied his right to testify, cannot meet the *Strickland* standard of showing that he was prejudiced by this denial.  In other words, the Government asserts that Petitioner's own testimony could not dispute testimony from Government witnesses Richard Pittman (one of Petitioner's co-defendants), or Timothy Weddle, that they purchased seventeen kilograms of cocaine and twenty-three ounces of "crack" cocaine from Petitioner, the many hours of recorded wiretapped conversations between Petitioner and several of his co-defendants, nor the testimony of DEA Special Agent McGarry regarding his investigation into Petitioner's drug activities.

The constitutional right to testify on one's own behalf in a criminal proceeding stems from the Fifth, Sixth and Fourteenth Amendments and is " 'essential to due process of law in a fair adversary process.' " ***Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987) (citing *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975))**.  However, as the Government cites (Doc. 12, pp. 6-8), the Seventh Circuit in *Underwood* pondered that "it is simple enough after being convicted for the defendant to say, 'My lawyer wouldn't let me testify.  Therefore I'm entitled to a new trial.' " ***Underwood v. Clark*, 939 F.2d 473, 475 (7th Cir. 1991)**.  In fact, *Underwood* held that such a "barebones assertion," despite being made by a defendant under oath, was "insufficient to require a hearing or other action on [a defendant's] claim that his right to testify in his own defense was denied him." ***Id.* at 476**.  Further substantiation by a petitioner is therefore necessary to lend credibility to this type of claim, *Underwood* suggesting something to the effect of an affidavit from the defense counsel who allegedly denied a defendant his right to testify during his own criminal trial.  ***Id.* (but also noting that a defendant need not have protested his counsel's actions to the judge during the trial or for the trial judge to have inquired of the defendant, during trial, as to whether he wants to testify)**.

In his Reply, Petitioner attempts to distinguish *Underwood* from his own case, explaining that in *Underwood*, the petitioner asserted that his defense counsel actually forbade him to testify during trial.  In his own case, Petitioner states that he

has never suggested such events occurred, but rather, alleges that while his defense counsel never attempted to urge him *not* to testify, his counsel was ineffective for simply failing to call him to testify, given that Petitioner claims he told counsel explicitly that he wished to testify (Doc. 15, p. 2).  Additionally, Petitioner notes that the proposed testimony offered by the *Underwood* petitioner was somewhat nonsensical and certainly not very credible, whereas his own proposed testimony would have been more credible, serving to bolster his defense.  In contrast, the Affidavit of Petitioner's trial counsel, submitted in support of the Government's Response (Doc. 12, Ex. 1, ¶ 5), avers that Petitioner never directly expressed the desire to testify during trial, despite the fact counsel states Petitioner was informed that he had the absolute right to testify if he so desired.

Regardless of the credibility of Petitioner's assertion that he was denied the right to testify during trial, the Seventh Circuit also holds that this denial can only be deemed prejudicial if it can be proven to have actually affected the outcome of the trial.  ***Barrow v. Uchtman*, 398 F.3d 597, 608 n.12 (7th Cir. 2005) (citing *Rodriguez v. United States*, 286 F.3d 972, 983-84 (7th Cir. 2002))**.  Even assuming Petitioner's assertion that he was denied his right to testify, in this instance, the Court does not find that Petitioner can meet such a high burden of showing the prejudicial effect.  The evidence against Petitioner, produced via several witnesses and many hours of incriminating wiretapped phone calls, weighs heavily against any other explanation potentially offered by Petitioner from his own testimony.  Although he has given it his best effort, Petitioner has not proved to the Court that his

Page 8 of 26

testimony would have "actually affected the outcome of the trial," nor did it render the verdict "suspect." *See Rodriguez v. United States*, **286 F.3d at 983 (citation omitted)**. Accordingly, the Court does not find that Petitioner's argument that counsel was ineffective for failing to call him to testify as warranting habeas relief or an evidentiary hearing on the issue.

Ground 2: Failure to File Notice of Appeal

Next, the Court turns to Petitioner's second ground based on his argument of ineffective assistance of counsel: that counsel denied him his right to file a notice of appeal. While ordinary trial blunders of counsel are reviewed according to *Strickland's* dual test of reasonableness and prejudice, an attorney's failure to file an appeal is treated according to a somewhat more compressed analysis. In ***Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994)**, the Seventh Circuit announced a rule that an attorney's failure to file an appeal (if requested to do so by the client) shall be deemed inherently prejudicial. In such a circumstance the probability of success on appeal is irrelevant and need not be determined for the purposes of evaluating an ineffective assistance claim. *Id.* Generally, ***Castellanos*** stands for the proposition that failure to follow a client's request to file an appeal results in constitutionally ineffective assistance of counsel *per* se, as it effectively amounts to attorney abandonment. ***Castellanos*, 26 F.3d at 718**. *See also **Bradley v. United States*, 219 Fed. Appx. 587, 589 (7th Cir. 2007);** *Roe v. Flores-Ortega*, **528 U.S. 470, 484 (2000) (if, "but for counsel's deficient**

performance, [the client] would have appealed," *Strickland* prejudice is shown).

The essential issue raised by any *Castellanos* claim is whether the petitioner's counsel was actually instructed to appeal. *See Castellanos*, 26 F.3d at 719 (" 'Request' is an important ingredient in this formula.  A lawyer need not appeal unless the client wants to pursue that avenue."); *see also Roe*, 528 U.S. at 477 ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").  In *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006), the district court had dismissed a the petitioner's ineffective assistance claim as well as his request for an evidentiary hearing, finding that the allegations of whether he had told his counsel to appeal were vague and unsubstantiated.  *Id.* at 1066-67 (noting that the district court expected the petitioner to "com[e] forth with evidence that he had expressed his desire to appeal.").  Reviewing the district court's denial of the hearing on an abuse of discretion standard, the Seventh Circuit affirmed, holding that conclusory allegations without more are insufficient to make an ineffective assistance of counsel claim. *Id.* Specifically, the court found the absence of affidavits supporting the petitioner's assertion were fatal to his claim that he was denied his right to appeal.  *Id.* at 1068 (" '[I]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere

unsupported assertions.' ") (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)). *See also Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (affirming the dismissal of an ineffective assistance claim where the defendant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim.").

In Petitioner's case, there are no affidavits supporting his claim that he was denied the right to appeal (although the Court acknowledges that he has filed a signed Declaration and Memorandum of Law in Support of his § 2255 petition - Doc. 1, Attachment 1).  In fact, the affidavit of Petitioner's trial counsel, offered by the Government in support of its Response (Doc. 12, Ex. 1), avers that "Petitioner never directly expressed to me a desire to appeal . . . . He never asked me to file the appeal" (*Id*. at ¶ 6).  However, the Court further finds that such supporting affidavits are unnecessary in this specific instance, given that the record itself establishes the fact that Petitioner appears to have requested that his counsel file a notice of appeal on his behalf.  Referring back to the docket in the criminal case, *United States v. Rollins, Jr.*, Case No. 05-cr-30133-5-DRH, Petitioner's judgment was signed on September 24, 2007 (Doc. 598).  Under the Federal Rules of Appellate Procedure in effect at the time of Petitioner's judgment, a notice of appeal was to be filed within 10 days of the entry of judgment or by October 9, 2007. **FED. R. APP. P. 4 (2007)**.[1]  On

---

[1]  The 10-day count excluded weekends and holidays under **FED. R. CIV. P. 6 (2007)**.

October 17, 2007, Petitioner's trial attorney filed a Motion for Extension of Time to File Notice of Appeal (Doc. 614). In that motion, Petitioner's attorney explained that they had received a letter from Petitioner, dated September 27, 2007, stating that he did wish to appeal, however, his attorney also claimed that the letter was not received until the weekend of October 15, 2007 – after the 10-day time frame for filing the notice of appeal had expired.

Finding that there was good cause and excusable neglect sufficient to warrant granting an extension of time, the Court granted the motion in an order dated October 22, 2007 (Doc. 615), thereby allowing Defendant until November 8, 2007 to file his Notice Appeal. However, the docket reflects that a Notice of Appeal was never filed on Petitioner's behalf and no adequate explanation given as to why. As such, the Court finds Defendant is entitled to a hearing regarding whether counsel was ineffective for failing to file a notice of appeal on Petitioner's behalf, given that evidence must be presented as to what occurred subsequent to the Court's October 22, 2007 order (Doc. 615) allowing an extension of time to file a Notice of Appeal, to attempt explaining why one was never filed after it was clear from Petitioner's letter that he wished to appeal. Should Petitioner prevail, he is entitled to an appellate proceeding. *See Castellanos*, **26 F.3d at 720 (citing *Page v. United States*, 884 F.2d 300 (7th Cir. 1987))**.

<u>Grounds 3 - 7: Failure to Call Witnesses/Failure to Produce Evidence and Witnesses
Introduced in Opening Statements/Failure to Investigate Potential Witnesses; Failure
to Conduct a Reasonable Pretrial Investigation/Failure to Provide a Defense</u>

Petitioner's grounds three through seven all deal with the trial strategy and performance of his trial counsel, which Petitioner alleges are other reasons supporting his theory that his counsel was constitutionally ineffective. Petitioner believes his trial counsel failed to present any evidence supporting his theory of defense, explained to the jury during opening statements: that Petitioner was not involved with possessing or dealing cocaine, but instead, was involved with a transaction for marijuana, which had come from a person called "M.C." out of St. Louis, Missouri, and also was involved with the selling of pre-paid gift cards (Doc. 1, Attachment 1, p. 12). This assertion dovetails with Petitioner's fourth ground that his trial counsel was ineffective for failing to provide the evidence and witnesses introduced in the opening statement, as it does with his fifth, sixth and seventh grounds that counsel was ineffective for failing to contact or produce crucial alibi witnesses, failing to conduct reasonable pre-trial investigation and failing to provide him a defense.

Petitioner argues that despite the fact that there was known and available testimony and evidence supporting his theory of defense, consisting of testimony from himself, Patrice Pruitt, James Rollins, Sr. (Petitioner's father and co-defendant) and John Frost (another co-defendant of Petitioner), his trial counsel failed to call any of these witnesses. In other words, Petitioner asserts that counsel violated his due process right to call witnesses in his defense during his criminal trial. Instead,

Petitioner claims that the two witnesses who were called on his behalf, Erica Cross and Jacob Aulos, did not provide any useful testimony to further his theory of defense.

The Sixth Amendment guarantees a defendant the right to call witnesses in his favor. *See Indiana v. Edwards*, **554 U.S. 164, 188 (2008)**. This right belongs to the defendant, individually, and not his trial counsel. *Id.* Yet, a defendant's counsel is allowed "full authority to manage the conduct of the trial - an authority without which [t]he adversary process could not function effectively." *Taylor v. Illinois*, **484 U.S. 400, 418 (1988)**. In short, if a defendant has "consented to the representation of counsel," then, with the exception of cases where counsel is rendered ineffective, a defendant " 'must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial.' " *Id.* Trial counsel's decision not to call a witness can be part of an effective trial strategy, especially "if it is based on the attorney's determination that the testimony the witnesses would give might on balance harm rather than help the defendant." *Foster v. Schomig*, **223 F.3d 626, 631 (7th Cir. 2000) (citing *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997))**.

The affidavit of Petitioner's trial counsel explains that the only witnesses who advanced the theory of defense were called and other than Petitioner himself,[2]

---

[2] The Affidavit of trial counsel stated that Petitioner never expressed a desire to testify during trial (Doc. 12, Ex. 1, ¶ 5).

there were no witnesses supporting Petitioner's contention that he was speaking of gift cards (Doc. 12, Ex. 1, ¶ 7).  Regarding the possible testimony of James Rollins, Sr., and John Frost, because they were Petitioner's co-defendants, they could not be compelled to testify on his behalf.[3]  Thus, Petitioner's trial counsel was not ineffective for not calling them to the stand to testify on Petitioner's behalf.

As for Patrice Pruitt, Petitioner claims that although she was listed as a defense witness, she was never called to testify.  Petitioner claims she would have testified that, upon his leaving California, she gave John Frost $4,700.00 in cash to cover fuel and other business expenses.  Further, that $4,700.00 was part of the currency found in the truck Frost was driving when his vehicle was stopped and searched on April 20, 2005.[4]  (The Government argued that the money found in Frost's possession was from the selling of powder cocaine, orchestrated by Petitioner.)  Pruitt would further testify that Frost informed her that he also had his own money with him in order to buy a vehicle while he was in the St. Louis area. Therefore, Petitioner argues that Pruitt's testimony would have supported his theory of defense by offering proof that the currency found in Frost's truck was not proceeds

---

[3]  Petitioner's trial counsel did file a pretrial Motion to Sever Defendant (Doc. 262), which was denied by the Court (Doc. 267).  A severance was sought so that the co-defendants could testify on Petitioner's behalf.  However, the Court found there was no evidentiary support regarding the possibility of any of the co-defendants actually providing exculpatory testimony. Rather, this assertion was vague and unsupported.  As such, it did not warrant the granting of a severance.  In the instant § 2255 petition, Petitioner offers the Declarations of both James Rollins, Sr. and John Frost, stating that they would have testified in Petitioner's defense and giving a synopsis of their intended testimony.  However, their alleged willingness to testify was never brought to the Court's attention during trial and to raise it now is too little, too late.

[4]  According to evidence presented during trial, Petitioner ran a trucking business, called J&P Transportation, where he employed John Frost as a truck driver.

from the sale of cocaine, that Rollins, Sr. did not give the currency to Frost once he was in St. Louis, and finally, that the amount found was not actually $18,000.00, as claimed by law enforcement (Doc. 1, Attachment 1, p. 17). To support his assertions, Petitioner includes the signed Declaration/Statement of Patrice L. Pruitt (Doc. 1, Attachment 7).

Neither the Affidavit of trial counsel or the Government's Response specifically discuss the decision not to call Pruitt to testify as a defense witness, aside from the blanket statement made by trial counsel that only witnesses who advanced Petitioner's theory of defense were called (Doc. 12, Ex. 1, ¶ 7). As such, the Court is left without any substantial grounds to determine whether trial counsel's decision not to call Pruitt as a defense witness can be deemed a matter of "trial strategy" or mere ineffectiveness. Accordingly, this matter shall also need to be addressed during an evidentiary hearing. (Of course, the Court reminds Petitioner that even should he be able to show that counsel was ineffective for failing to call Pruitt, he must also prove that this caused actual prejudice.)

The same holds true for Petitioner's assertion that his trial counsel did not attempt to contact, investigate or produce two potential witnesses, Johnny Steen and Jo Vann, both of whom may have provided exculpatory testimony. Petitioner believes it likely that testimony provided by Steen could have revealed that one of his co-defendants, John Rollins, Sr., had not delivered cocaine to one of his other co-defendants, Richard Pittman, during their meeting in St. Louis, which would have directly contradicted testimony from Government agents and co-defendants Williams

and Pittman (both of whom, as a part of their plea agreement, agreed to testify). Petitioner claims Steen was present during this meeting between Rollins, Sr. and Pittman and therefore, would have been an eyewitness to the events occurring therefrom. However, Petitioner states that even though his trial counsel was aware that Steen was said to have been present during this meeting, he was never investigated or made a witness.

Next, Petitioner also claims that a person by the name of Jo Vann could have been a potential witness to provide exculpatory testimony in his defense, but that trial counsel was ineffective for failing to investigate Vann or calling him to testify. During trial, Petitioner explains that government witness Timothy Weddle testified that he had been introduced to Petitioner through a person by the name of Jo Vann. Petitioner claims that he did not know a Jo Vann during that time, nor does he now. He further claims that he urged trial counsel to locate this person in order to possibly provide testimony at trial. Petitioner believes Vann could have provided crucial information by contradicting Weddle's testimony, especially given that Weddle's credibility as a witness was subsequently even called into doubt by the Court.

In response, aside from the blanket statement from the Affidavit of Trial Counsel that only witnesses who advanced Petitioner's theory of defense were called (Doc. 12, Ex. 1, ¶ 7), neither the Government nor trial counsel specifically addresses Petitioner's claims that Johnny Steen and Jo Vann should have been investigated and possibly called as witnesses for his defense. Again, it is not enough for the Court to deem it effective trial strategy without more explanation as to whether these two

people could simply not be found to interview or whether trial counsel subsequently determined their testimony would not further Petitioner's defense.  As such, this will also be addressed during the evidentiary hearing.  Again, Petitioner is subject to the two-prong **Strickland** requirements, keeping in mind that even the **Strickland** opinion acknowledged that trial counsel can "make a reasonable decision that makes particular investigations unnecessary."  **Strickland, 466 U.S. at 691 ("In any effectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments.")**.

Ground 8: Failure to File a Motion to Dismiss Indictment

Petitioner's eighth ground alleging ineffective assistance of trial counsel deals with the failure to file a motion to dismiss the indictment based on DEA Special Agent McGarry's grand jury testimony.  Petitioner believes Agent McGarry's testimony was in violation of **18 U.S.C. § 1623(a)(c)(1)**, asserting that his grand jury testimony differed in substance from his trial testimony.  Specifically, Petitioner contends Agent McGarry provided far less details and information during trial than what he previously relayed to the grand jury to procure Petitioner's indictment.  Therefore, Petitioner asserts that Agent McGarry testified falsely in front of the grand jury, as evidenced by his subsequent trial testimony and that trial counsel should have filed a motion to dismiss the indictment on this basis.  In response, the Government offers that trial counsel is allowed broad discretion in determining which pretrial motions

to file.  The Affidavit of Trial Counsel also states that all pretrial motions were filed that were believed to be applicable (Doc. 12, Ex. 1, ¶ 10).

Generally, under **Strickland**, when claiming trial counsel was ineffective for failing to file a motion, Petitioner, must prove that such motion would have been meritorious, given that a court must defer to counsel's articulated strategic reason for the decision not to file said motion.  **See e.g., U.S. v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005)**.  The problem in this case is that there is no articulated strategic reason supplied by trial counsel or the Government to which the Court can defer.  As with the witness issue, trial counsel's blanket statement that all pre-trial motions believed to be applicable were filed does not directly address Petitioner's grounds regarding the failure to file a motion to dismiss indictment based on Agent McGarry's testimony.  Therefore, this issue must also remain for determination at the evidentiary hearing.  Again, the Court reminds Petitioner that even should it be found that counsel was ineffective, Petitioner must still prove that such a motion to dismiss indictment would have been granted on its merits.

Ground 9: Failure to Object and/or Suppress the Admission of Photos of Currency

Petitioner asserts that his trial counsel was also ineffective for failing to object to testimony regarding photos of currency and in failing to move to suppress the photos of currency from being introduced as evidence during his criminal trial.  The photos at issue were taken by law enforcement officials of the currency found in the truck driven by Petitioner's employee and co-defendant, John Frost.   The

Government's position was that this currency was actually the proceeds from a transaction for the purchase of cocaine.  Petitioner contends that there was no evidence introduced to show that there was more than $1,000.00 actually counted of the currency.  Because there was not an exact amount counted, Petitioner claims that the witnesses merely testified as to what they believed the amount of currency was and that the photos depicting the currency did not properly represent any facts of the case, were prejudicial and had no real probative value.

Again, under the principles iterated by the Seventh Circuit in *Cieslowski*, Petitioner must show not only that counsel was ineffective for failing to object or suppress the photos, but also that the motion to suppress (or the objection) would have been meritorious to have changed the outcome of trial.  ***Id.***  The Government offers that not only was this based on a strategic decision of trial counsel, but also, even assuming the photos had been found overly prejudicial and therefore suppressed, there remained an overwhelming amount of evidence serving to establish Petitioner's guilt, such as testimony from Pittman and Weddle that they received 17 kilograms and 23 ounces of powder cocaine from Petitioner, the wiretapped telephone conversations and testimony from Agent McGarry.

The Court finds that Petitioner has not sufficiently demonstrated how suppressing these photos would have ultimately changed the outcome of his trial.  The Court had the opportunity to hear and observe all of the testimony and evidence introduced during Petitioner's criminal trial and remains convinced that there was enough other sources of incriminating evidence to convict Petitioner besides the

photos of currency.  Therefore, Petitioner has not sufficiently established ineffective assistance of counsel based on a failure to object to and/or move to suppress the photos of currency.

## C.    Violation of Petitioner's Due Process Rights

As his tenth ground for habeas relief, Petitioner claims that his due process rights were violated by Agent McGarry's testimony.  Petitioner essentially makes the same argument as he did previously with the argument brought forth by his eighth ground: that trial counsel was ineffective for failing to move to dismiss the indictment based on Agent McGarry's testimony, claiming that it differed in substance at trial than what he testified to before the grand jury in order to procure the indictment.  However, Petitioner is no longer arguing under the ineffectiveness of counsel umbrella.  This is a straight due process claim.

The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a § 2255 motion:

> (1) issues that were raised on direct appeal, absent showing of changed circumstances; (2) non constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

***Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992),** *overruled on other grounds*, ***Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)**.

Because Petitioner did not directly appeal this case, he is, as the Government argues, procedurally barred from raising it in a subsequent § 2255

petition for collateral review unless Petitioner can show either: (1) "good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims;" or (2) show that "a refusal to consider the issue would lead to a fundamental miscarriage of justice." ***Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)(emphasis in original)(quoting *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994))**.

Here, if Petitioner can prove counsel was ineffective for failing to file his notice of appeal, he would then have the opportunity to raise this issue on appeal to the Seventh Circuit.  Should that not be the case, the Court further finds that Petitioner has not effectively demonstrated either good cause for his failure to bring this claim on direct appeal nor has he effectively demonstrated that the Court's refusal to consider his claim would lead to a fundamental miscarriage of justice.  The differences he points out in Agent McGarry's grand jury testimony and his trial testimony do not appear to be of a nature that would have changed the outcome of Petitioner's criminal trial, given the remainder of incriminating evidence.[5]  Therefore, the Court deems this matter procedurally defaulted.  However, if Petitioner prevails

---

[5]  In his Reply (Doc. 15), Petitioner argues that he can show the exceptions of good cause and prejudice in that he was denied his right to appeal and therefore, this was his good cause as to why these issues were not raised on direct appeal previously.  Along those lines, Petitioner also argues that because he was denied he right to appeal, he will be prejudiced if he is therefore found to be in procedural default in this action.  However, because the Court has not yet conclusively found that Petitioner was, in fact, denied his right to appeal, such arguments are premature.  Also, Petitioner must show how each ground deemed to be procedurally defaulted actually prejudiced him during trial, not merely that his trial counsel's alleged failure to appeal prejudiced him from raising these claims in this collateral review proceeding.  Lastly, should Petitioner prevail as to the issue regarding his right to appeal, the Court assumes Petitioner will first be able to file his appeal and raise these issues in that appeal.

upon his claim for ineffective assistance of counsel for failing to file a notice of appeal,

he may then raise this issue on appeal.

**D.      Prosecutorial Misconduct**

Regarding grounds 11 through 15, Petitioner claims that he should be

granted habeas relief based on the Government's prosecutorial misconduct during

his criminal trial.  In essence, he claims that the Assistant United States Attorney

("AUSA") prosecuting his case violated his due process right to a fair trial.  To specify,

Petitioner claims the AUSA:  (1) delayed or failed to turn over letters to his trial

counsel written by government witness Timothy Weddle; (2) the AUSA further elicited

testimony from Weddle during trial that he knew or should have known was false; (3)

the AUSA failed to comply with the Court's discovery order and Federal Rule of

Criminal Procedure 16 regarding the production of Weddle's proffer; (4) the AUSA

gave false information to the trial judge regarding a statement that a pound of cocaine

had been seized from Petitioner's residence; and (5) that the AUSA violated Federal

Rule of Criminal Procedure 16 for his failure to timely identify Agent McGarry as an

expert witness.

Again, as these grounds do not fall under the ambit of an ineffectiveness

of counsel claim, they are procedurally barred from collateral review in a habeas

petition by this Court, as the Government argues.  In addition, the Court finds that

Petitioner cannot claim the exceptions to procedural bar.  Even if the Court were to

consider these assertions of prosecutorial misconduct on their face, many of these

arguments were already made on Petitioner's behalf at some point before, during or

after trial and denied by the Court.[6]  Therefore, the Court deems these matters also to be procedurally defaulted.  However, if Petitioner prevails upon his claim for ineffective assistance of counsel for failing to file a notice of appeal, he may then raise these issues on appeal.

### E.      Court Error

As for grounds 16 through 20, Petitioner raises the issue of court error to support his claim for habeas relief.  Petitioner states that the court erred in denying his motion to suppress electronic surveillance (Doc. 263), erred in denying his motion to continue trial date or in the alternative, exclude the testimony of Timothy Weddle (Doc. 333), erred in denying his second motion to exclude the testimony of Timothy Weddle, erred in allowing Agent McGarry to testify as a lay witness regarding his interpretations of the wiretapped telephone calls, and finally, erred in denying his motion for a directed judgment of acquittal (Docs. 397 & 398).  These issues were raised on Petitioner's behalf in his Motion for New Trial (Doc. 450), which was denied by the Court in its May 24, 2007 order (Doc. 499).  In fact, Petitioner explicitly states that he adopts the claims made in his motion for new trial,

---

[6]  For example, Petitioner's argument that the AUSA violated Federal Rule of Criminal Procedure 16 for his failure to timely identify Agent McGarry as an expert witness holds little merit for this Court, given that the issue was raised by Petitioner's Motion in Limine to Exclude Expert Testimony of Undisclosed Government Witness (Doc. 342) and denied by the Court during trial, finding that such testimony was not qualified as "expert testimony" under Federal Rule of Evidence 702, but instead, was based on the opinion testimony of lay witnesses, based on their observations, not scientific evidence.  As such, the AUSA was not under any Rule 16 obligation to disclose such witnesses, because they were not deemed to be expert witnesses.  (*See* Day 4 of Trial – Transcript, Doc. 366.)  In the instant § 2255 petition, Petitioner has not raised any new arguments on this issue that would lead the Court to rule otherwise.

by reference, as grounds for this § 2255 petition. In so doing, Petitioner does not further expound on these previously raised arguments, nor does he make novel legal arguments or introduce new evidence to support a different ruling. Petitioner further requests that his "claims in this current Motion related to trial errors not be limited to the claims in counsel[']s previous motion filed after trial" (Doc. 1, Attachment 1, p. 29).

First, it appears that these grounds should be deemed procedurally defaulted, given that Petitioner was not able to first raise them on direct appeal. Further, as the Court has previously stated regarding Petitioner's other procedurally defaulted issues, he has not demonstrated that either of the two exceptions should apply. Lastly, even if the Court were to consider these grounds on their merits, they would be denied, for the same reasons as stated in the Court's May 24, 2007 order denying his motion for new trial (Doc. 499).

### III. <u>Conclusion</u>

For the reasons discussed in this Order, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to **28 U.S.C. § 2255** (Doc. 1) is **DEFERRED IN PART** as to *only* the following issues so that they may be properly addressed by an evidentiary hearing: (1) whether Petitioner's trial counsel was ineffective for failing to file a notice of appeal on Petitioner's behalf (Ground 2); (2) whether Petitioner's trial counsel was ineffective for failing to call Patrice Pruitt to testify (Grounds 3-7); (3) whether Petitioner's trial counsel was ineffective for failing

to contact, investigate and/or call Johnny Steen and/or Jo Vann as defense witnesses (Grounds 3-7); and (4) whether Petitioner's trial counsel was ineffective for failing to file a motion to dismiss the indictment based on the grand jury testimony of Agent McGarry (Ground 8).  The remainder of the issues raised by Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to **28 U.S.C. § 2255** (Doc. 1) are **DENIED**.

The Court hereby sets an **EVIDENTIARY HEARING** on the aforementioned four issues for **Wednesday, March 2, 2011 at 10:00 a.m.**

**IT IS SO ORDERED**.

Signed this 28th day of December, 2011.

David R. Herndon
2010.12.28
16:44:10 -06'00'

**Chief Judge**
**United States District Court**