# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. ROLLINS, JR.,** | |
| Petitioner, | |
| v. | No. 08-cv-665-DRH |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## ORDER

**HERNDON, Chief Judge:**

Pending is petitioner James Rollins's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Many of the claims set forth in petitioner's 2255 motion have already been disposed of in a prior Order of this Court (Doc. 16). For the following reasons, petitioner's motion is DENIED as to all remaining claims.

## I. Procedural History

The procedural history of this matter is set out in this Court's prior Order (Doc. 16) which partially dismisses many of the claims in petitioner's 2255 motion. There are essentially three issues that remain to be decided: (a) ground two, failure to file a notice of appeal; (b) grounds 3-7, failure to call witnesses/failure to produce evidence and witnesses introduced in opening statements, failure to investigate potential witnesses, failure to conduct a

reasonable pretrial investigation, and failure to provide a defense; and (c) ground 8, failure to file a motion to dismiss the indictment.

An evidentiary hearing on the 2255 motion was held March 2, 2011. Petitioner was represented at that hearing by pro bono counsel. Defense trial counsel John Rogers and Adam Fein testified, and arguments were heard by both petitioner and respondent.

## II. Law regarding ineffective assistance of counsel claims generally

To establish a claim of ineffective assistance of counsel, a petitioner must show two things. First, the petitioner must show that his counsel performed in a deficient manner. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 687-688. Judicial scrutiny of counsel's performance must be "highly deferential" as it is "all too tempting for a defendant to second-guess counsel's assistance after conviction," and "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. In addition, the petitioner must overcome a strong presumption that the attorney's conduct falls within a wide range of reasonable professional assistance.*Id.*

Second, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id.* at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

unreliable." *Id.* *See also Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (holding that a defendant must show counsel's errors rendered the proceedings "fundamentally unfair or unreliable" in addition to simply showing prejudice).Even if a petitioner shows that particular errors of counsel were unreasonable, petitioner must show that counsel's errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

### III. Alleged failure to file a notice of appeal (Ground 2)

**A. Facts & Evidence**

Petitioner's second ineffective assistance of counsel claim is that defense counsel denied petitioner the right to appeal after he requested they do so.

Mr. Rogers and Mr. Fein testified at the evidentiary hearing it was normal for communication to be transmitted between counsel and petitioner through Starla Rollins, petitioner's sister. She had served as an intermediary numerous times prior to trial and prior to sentencing, and this system continued after sentencing as well, during the discussion of appeal. Defense counsel testified petitioner at no time indicated verbally that he wished to file an appeal. A letter from petitioner did arrive at defense counsel's firm indicating a desire to appeal, and defense counsel moved for extension of time to file a notice of appeal. The potential pitfall in an appeal of the sentence in this case, as explained by defense counsel, was a reversal of the imposed sentence and imposition of a sentence twice as lengthy. Because of the special verdict regarding the amount of drugs, petitioner was sentenced to an amount half that of what the government believed

was appropriate. Defense counsel testified this was explained and discussed with both petitioner and Ms. Rollins. After the letter, and after the motion for an extension of time to file a notice of appeal, Ms. Rollins called defense counsel and informed them petitioner did not wish to file an appeal. Accordingly, no notice of appeal was filed. After this call, defense counsel testified there was no further communication from either petitioner or Ms. Rollins about an appeal or status of an appeal.

**B. Law & Application**

While ordinary alleged trial blunders of counsel are reviewed according to *Strickland's* dual test of reasonableness and prejudice, an attorney's failure to file an appeal is treated according to a somewhat more compressed analysis. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit announced a rule that an attorney's failure to file an appeal, if requested to do so by their client, shall be deemed inherently prejudicial. 26 F.3d at 720. In such a circumstance, the probability of success on appeal is irrelevant and need not be determined for the purposes of evaluating an effective assistance claim. *Id.* Generally, *Castellanos* stands for the proposition that failure to follow a client's request to file an appeal results in constitutionally ineffective assistance of counsel per se, as it effectively amounts to attorney abandonment. *Id*. at 718. *See also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (holding that if the client would have appealed but for counsel's deficient performance, *Strickland* prejudice is shown).

The essential issue raised by any *Castellanos* claim is whether the petitioner's counsel was actually instructed to appeal. *See Castellanos*, 26 F.3d at 719 ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue"). In *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006), the district court had dismissed a petitioner's ineffective assistance claim as well as his request for an evidentiary hearing, finding that the allegations of whether he told his counsel to appeal were vague and unsubstantiated. *Id.* at 1066-67 (noting the district court expected the petitioner to "com[e] forth with evidence that he had expressed his desire to appeal"). Reviewing the district court's denial of the hearing on an abuse of discretion standard, the Seventh Circuit affirmed, holding that conclusory allegations, without more, are insufficient to make an ineffective assistance of counsel claim. *Id.*

This Court finds defense counsel's testimony at the evidentiary hearing credible. It was established that the normal practice and custom was for defense counsel and petitioner to communicate through petitioner's sister. Although petitioner wrote his counsel requesting an appeal, after the appeal process and potential downfalls of appeal were explained to him by his attorneys, petitioner decided not to appeal. This decision was conveyed to petitioner's attorneys through his sister. After that decision, there was no further change of heart or communication from defendant about an appeal. Accordingly, ground two of petitioner's 2255 motion, alleging failure to file a notice of appeal, is DENIED.

## IV. Alleged failure to call witnesses (Grounds 3-7)

**A. Facts & Evidence**

Petitioner third, fifth, sixth and seventh claims are that defense counsel failed to call witnesses in support of petitioner's defense; failed to produce alibi witnesses; failed to conduct a reasonable pretrial investigation; and denied his right to put on a defense by not producing proper witnesses. Ground four is that defense counsel failed to provide evidence or witnesses introduced in opening statements by trial counsel.

Mr. Rogers testified at the evidentiary hearing that petitioner never demanded defense counsel call any specific witness on his behalf. The only potential witnesses remaining to be discussed after this Court's prior Order are Patrice Pruitt, Johnnie Steen, and Jo Vann.

Mr. Rogers testified Patrice Pruitt was not called as a matter of trial strategy because defense counsel did not find her testimony credible. Essentially, the defense strategy was that instead of being a cocaine dealer, petitioner was overseeing the distribution of small amounts of marijuana. Pruitt would have testified she was to have given $4,500 to one of petitioner's employees for gas and potential repairs, which defense counsel believed was not credible testimony and had the potential to be damaging to petitioner's defense.

Johnnie Steen was allegedly an individual present during a drug transaction of petitioner's father, Rollins Senior, and John Frost, neither of whom were represented by petitioner's defense counsel. Petitioner claims Mr. Steen would testify that Rollins Senior had never delivered cocaine to co-defendant

RichardPittman on that specific date. Pittmandid testify at trial and was extensively cross-examined to the point where defense counsel believed he was discredited. Additionally, Steen had nothing to do with the allegations against petitioner. Defense counsel, as a matter of trial strategy, determined it did not make sense to call Steen.

Jo Vann was a person who allegedly introduced Timothy Wedell to petitioner. Wedell was a witness who claimed to have dealt with petitioner and did testify at trial. However, defense counsel testified petitioner said he had no idea who Jo Vann was. Defense counsel further testified Wedell was discredited during his two-day cross-examination. Thus, the decision not to investigate Vann was a matter of trial strategy.

Petitioner further claims defense counsel mentioned in his opening statement petitioner's involvement with marijuana, gift cards, and a person named "M.C.," though there was nothing during the course of trial produced to support these statements. Defense counsel's affidavit (Doc. 12-1) indicates they only called witnesses that advanced their theory of defense and there were no witnesses other than petitioner that supported his gift card contentions.

**B. Law & Application**

The Sixth Amendment guarantees a defendant the right to call witnesses in his favor. *Indiana v. Edwards*, 554 U.S. 164, 188 (2008).This right belongs to the defendant, individually, and not his trial counsel. *Id*.Yet, a defendant's counsel is allowed "full authority to manage the conduct of the trial," an authority

without which "[t]he adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois*, 484 U.S. 400, 418 (1988). In short, if a defendant has "consented to the representation of counsel," then, with the exception of cases where counsel is rendered ineffective, a defendant "must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial." *Id*. Trial counsel's decision not to call a witness can be part of an effective trial strategy, especially "if it is based on the attorney's determination that the testimony the witnesses would give might on balance harm rather than help the defendant." *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000) (internal quotations omitted). As for unfulfilled promises made in opening statements, a strategic decision not to put on witnesses that had been promised in opening statement is not ineffective assistance of counsel. *See United States ex rel. Schlager v. Washington*, 887 F. Supp. 1019, 1026-27 (N.D. Ill. 1995).

As for pretrial investigation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. In any ineffectiveness case, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

without which "[t]he adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois*, 484 U.S. 400, 418 (1988). In short, if a defendant has "consented to the representation of counsel," then, with the exception of cases where counsel is rendered ineffective, a defendant "must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial." *Id*. Trial counsel's decision not to call a witness can be part of an effective trial strategy, especially "if it is based on the attorney's determination that the testimony the witnesses would give might on balance harm rather than help the defendant." *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000) (internal quotations omitted). As for unfulfilled promises made in opening statements, a strategic decision not to put on witnesses that had been promised in opening statement is not ineffective assistance of counsel. *See United States ex rel. Schlager v. Washington*, 887 F. Supp. 1019, 1026-27 (N.D. Ill. 1995).

As for pretrial investigation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. In any ineffectiveness case, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

As mentioned earlier, this Court finds the testimony of defense counsel Mr. Rogers and Mr. Fein during the evidentiary hearing credible. Defense counsel's explanations for the decisions not to call Patrice Pruitt, Johnnie Steen or Jo Vann to testify were believable as part of their larger trial strategy. Additionally, there has been zero evidence presented of prejudice—that there would have been a different outcome if any of those three witnesses were called—meaning defendant's claims of ineffective assistance of counsel for failure to call witnesses must fail.

Regarding the case investigation, defense counsel's determination not to investigate Vann and the parameters of the pretrial investigation were reasonable as explained by defense counsel during the evidentiary hearing. Petitioner told his attorneys he did not even know Vann, and the witness (Wedell) connecting Vann to petitioner was discredited during cross examination. A heavy measure of deference is to be given to defense counsel's judgments about investigation, and at any rate, their judgments were reasonable. Additionally, as above, there has been no evidence presented of prejudice.

Finally, regarding the unfulfilled promises made during opening statements, this too is a matter of a strategic decision. Strategy can and must adapt as a trial progresses, based upon the witnesses called, the effectiveness of the examinations, and the responses of the jury. A defense attorney may go into the trial with a sincere belief that particular evidence will be provided, but later circumstances may change that reality. The fact that defendant did not testify, as

explained in this Court's prior Order (Doc. 16), limited the ability of defense counsel to provide evidence of the gift cards and marijuana involvement when the petitioner was the only one who could provide the gift card evidence. Ultimately, any alterations between the promises of opening statement and the reality of trial were a matter of reasonable trial strategy by defense counsel. Additionally, there has been no evidence presented of prejudice.

For these reasons, petitioner's grounds 3-7 of his 2255 motion are DENIED.

**V. Alleged failure to file a motion to dismiss the indictment (Ground 8)**

**A. Facts & Evidence**

Petitioner's eighth claim for ineffective assistance of counsel is defense counsel's failure to move for dismissal of the indictment based on the inconsistencies between the grand jury and trial testimony of DEA Special Agent McGarry.

Mr. Rogers testified at the evidentiary hearing that Agent McGarry did testify during trial and defense counsel cross-examined him for two days, during which time major inconsistencies between his grand jury testimony and trial testimony were discovered. Mr. Rogers testified that filing a pre-trial motion to dismiss an indictment based on inconsistencies between trial testimony and grand jury testimony would not make sense because there are no inconsistencies prior to trial. Mr. Rogers stated when inconsistencies become apparent during trial, those inconsistencies are pointed out during cross examination. Mr. Rogers

indicated one further way to handle the inconsistencies is to move for dismissal of the case as a matter of law at the close of the government's case. That argument was made in petitioner's trial.

**B. Law & Application**

Generally, under *Strickland*, when claiming trial counsel was ineffective for failure to file a motion, petitioner must prove that such motion would have been meritorious, given that a court must defer to counsel's articulated strategic reasons for the decision not to file said motion. *See, e.g.*, *U.S. v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). Here, defense counsel did in fact elucidate inconsistencies between Agent McGarry's grand jury and trial testimony during a two day cross examination. Defense counsel further moved for dismissal of the case as a matter of law. There is no evidence to suggest a motion to dismiss the indictment would have been meritorious at any stage of the trial—indeed, prior to trial, there were no inconsistencies between grand jury and trial testimony, because trial had not yet occurred. As such, petitioner's ground 8 of his 2255 motion, failure to file a motion to dismiss the indictment, is DENIED.

### III. Conclusion

Thus, the Court DENIES all remaining portions of petitioner's 2255 motion (Doc. 1). This case is DISMISSED with prejudiced. The Clerk is DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 21stday of August, 2011.

David R. Herndon
2011.08.21
20:13:57 -05'00'

**Chief Judge
United States District Court**