IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES E. ROLLINS, JR.,**

    Petitioner,

v.                                  No. 08-cv-665-DRH

**UNITED STATES OF AMERICA,**

    Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

On August 21, 2011, the Court denied the remaining claims of petitioner James E. Rollins, Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 25). Petitioner filed a notice of appeal with the Seventh Circuit on October 17, 2011 (Doc. 30). Thus, the Court must determine whether petitioner is entitled to a Certificate of Appealability (COA).

Pursuant to 28 U.S.C. § 2253(c)(1), a COA is required for appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253(c). A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies petitioner's claims on the merits and not merely for procedural reasons, the Supreme Court has found "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) ("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citation omitted)). Thus, a petitioner "seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 338 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Petitioner seeks appeal of the Court's Order dismissing petitioner's remaining Section 2255 claims (Doc. 25). Specifically, petitioner seeks review of the Court's denial of grounds two, three through seven, and eight. All claims at issue alleged ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner's ground two alleged ineffective assistance of counsel claiming counsel denied petitioner's request to appeal. At the evidentiary hearing, counsel stated petitioner and counsel normally communicated through petitioner's sister. Further, counsel testified petitioner's sister informed counsel that petitioner withdrew his previous request to appeal. Thus, in finding counsel's testimony credible, the Court denied petitioner's ground two claim under *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994) (holding attorney's failure to file

an appeal, if requested to do so by client, inherently prejudicial), and *Kafo v. United States*, 467 F.3d 1063, 1066-67 (7th Cir. 2006) (clarifying, vague and unsubstantiated claims concerning petitioner's request to appeal insufficient to make an ineffective assistance of counsel claim).

Petitioner's grounds three through seven essentially concerned matters of trial strategy. Petitioner claimed counsel failed to produce alibi witnesses, failed to conduct a reasonable pretrial investigation, denied his right to put on a defense by not producing proper witnesses, and failed to provide evidence or witnesses introduced in opening statements. Based on counsel's credible testimony, the Court found petitioner's claims unfounded, as counsel's actions represented reasonable strategic trial decisions. Further, as petitioner could not provide evidence of prejudice resulting from these decisions, the Court denied petitioner's grounds three through seven. *See Taylor v. Illinois*, 484 U.S. 400, 418 (1988).

Finally, petitioner's ground eight alleged ineffective assistance of counsel due to counsel's failure to move to dismiss the indictment based on inconsistencies between the grand jury and trial testimony of DEA Special Agent McGarry. At the evidentiary hearing, counsel explained the obvious need to wait for trial to bring discrepancies in grand jury testimony and trial testimony to the attention of the jury. A motion to dismiss the indictment prior to such discrepancies would prove impossible. Thus, as such a motion would not have proven meritorious; the Court denied petitioner's ground eight claim. *See United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005).

Given the aforementioned reasoning, no reasonable jurist could debate whether the Court should have resolved the petition in a different manner. Accordingly, the Court **DECLINES** to issue petitioner a COA.

**IT IS SO ORDERED.**

Signed this 11th day of January, 2012.

David R. Herndon
2012.01.11
14:55:54 -06'00'

**Chief Judge
United States District Court**